UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JOSEPH HOWARD,

                Plaintiff,

    -against-                      **COMPLAINT**

CITY OF NEW YORK,
DUANE SEATON, and,
JOHN and JANE DOES 1-5,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff Joseph Howard, by his attorney, Michael Lumer, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

        1.    At all times hereinafter mentioned, plaintiff Joseph Howard was an adult male resident of Kings County, within the State of New York.

        2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.    At all relevant times hereinafter mentioned, defendant Duane Seaton, whose tax number is 962791, was employed by the City of New York as a member of the NYPD. Seaton is sued herein in his individual capacity.

        4.    At all relevant times hereinafter mentioned, defendants John and Jane

Does 1 through 5 (the "Doe defendants"), were employed by the City of New York as members of the NYPD, but whose identities are not presently known to the plaintiff. The Doe defendants are sued herein in their individual capacity.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

6. The action is properly venued in the Eastern District as the majority of the events complained of occurred in Kings County and because both the plaintiff and the municipal defendant reside therein.

## RELEVANT FACTS

7. During the evening hours of November 11, 2022, plaintiff was lawfully present on or in the vicinity of Gates Avenue in Brooklyn, New York.

8. Plaintiff was not committing any criminal offenses or otherwise engaging in any unlawful or illegal conduct.

9. NYPD officers arrived at or about the same location and, despite the absence of probable cause, seized and arrested the plaintiff.

10. Plaintiff was transported to a local NYPD precinct station house, where he was held in custody while his arrest was processed.

11. Plaintiff, still in the defendants' custody, was subsequently transported to Kings County Central Booking.

12. While plaintiff was in defendants' custody following his arrest, the defendants completed, or caused to be completed, arrest paperwork in which one or more of

the defendants falsely claimed that plaintiff was part of a group of people who had just assaulted, injured, and attempted to rob two men.

13. Although the plaintiff had not engaged in any such conduct, defendant Seaton contended that he had personally viewed surveillance video footage and that this video footage showed the plaintiff participating in this gang assault and attempted robbery.

14. These claims were false as the plaintiff did not participate in an assault or attempted robbery or any other conduct that could reasonably be viewed as criminal, nor did the video footage show the plaintiff participating in such criminal conduct.

15. The defendants forwarded, or caused to be forwarded, the arrest paperwork, and possibly other documentation, containing these materially and fundamentally false allegations to the Kings County District Attorney's office ("KCDA").

16. The purpose of transmitting the documentation concerning plaintiff's arrest to the KCDA was to ensure that the KCDA would initiate plaintiff's criminal prosecution.

17. Defendant Seaton is believed to have spoken with a member of the KCDA while plaintiff was still in defendants' custody, during which he continued to make materially false allegations about the circumstances surrounding plaintiff's arrest.

18. Based entirely on Seaton's materially false communications, the KCDA drafted a criminal complaint for Seaton's review and signature.

19. On November 12, 2022, Seaton signed the criminal complaint under penalty of perjury in which he alleged that he personally watched the video and that it

showed the plaintiff participating in a variety of offenses concerning the assault and attempted robbery of the two men.

20. The plaintiff was then arraigned on these charges under docket number CR-032806-22KN. The court set bail, which the plaintiff could not post.

21. The plaintiff, who had been in defendants' custody continuously since his arrest during the evening hours of November 11, was then transported to Rikers Island, where he remained in custody until November 17, 2022.

22. On November 17, 2022, the KCDA moved to dismiss all charges against the plaintiff and the plaintiff was finally released from defendants' custody.

23. Upon information and belief, the KCDA acknowledged that, contrary to Seaton's sworn statement, the video footage did not show plaintiff participating in any criminal activity.

24. At no time on November 11, 2022, did the plaintiff attempt to rob or assault anyone, or engage in any other similar conduct, and there was never any reasonable basis to believe that he had done so.

25. To the extent that any of the individual defendants did not participate personally in the arrest of the plaintiff, or the creation of a false narrative surrounding his arrest, each such defendant was present for the arrest and failed to intervene or otherwise attempt to protect plaintiff from being arrested without adequate legal cause or wrongly prosecuted as a result.

26. At no time did any of the defendants take any steps to intervene in,

prevent, or otherwise limit the above mentioned misconduct.

27. All of the injuries suffered by plaintiff were proximately caused by the defendants false arrest and fabrication of evidence.

28. At all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

**(§ 1983 Excessive Force Claims Against the Individual Defendants)**

29. Plaintiff repeats the preceding allegations as though stated fully herein.

30. The individual defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances causing plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

31. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they witnessed this conduct as it occurred, was aware that it was occurring or would occur, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

32. By so doing, the individual defendants directly subjected the plaintiff to excessive force or failed to intervene in the use of excessive force against plaintiff, and aided and abetted in the violation of, plaintiff's rights under the Fourth and Fourteenth Amendment of the United States Constitution.

33. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, including emotional and physical injuries, physical pain, mental anguish related to his physical injuries, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

**(§1983 False Arrest Claim Against the Individual Defendants)**

34. Plaintiff repeats the preceding allegations as though stated fully herein.

35. Defendant Seaton and the Doe defendants arrested plaintiff without probable cause or any reasonable basis to believe that probable cause existed.

36. Defendant Seaton and the Doe defendants caused plaintiff to be deprived of his liberty.

37. Plaintiff was aware that he was being deprived of his liberty and did not consent to this deprivation.

38. By so doing, defendants Saha and Long caused plaintiff to be subjected to false arrest and imprisonment in violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.

39. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, including emotional and physical injuries, mental anguish, the deprivation of his liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

### (§1983 Fabricated Evidence/Denial of Fair Trial
### Claim Against the Individual Defendants)

40.  Plaintiff repeats the preceding allegations as though stated fully herein.

41.  The individual defendants willfully and intentionally subjected plaintiff to the denial of his right to a fair trial by fabricating evidence and communicating said materially false statements and/or materially misleading factual claims to the KCDA, thereby causing plaintiff to suffer a loss of liberty.

42.  To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they witnessed this conduct or otherwise knew and understood that such fabrications would be or had been communicated to prosecutors, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

43.  By so doing, the individual defendants directly subjected the plaintiff to the denial of a fair trial through the use of fabricated evidence or through the failure to intervene in such misconduct by their fellow officers, and aided and abetted in the violation of, plaintiff's rights under the Fourth, Sixth, and/or Fourteenth Amendments of the United States Constitution.

44.  By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer various injuries, including emotional and physical injuries, mental anguish, the deprivation of his liberty, and the loss of his constitutional rights.

## FOURTH CAUSE OF ACTION

**(§1983 Malicious Prosecution Claim Against the Individual Defendants)**

45. Plaintiff repeats the preceding allegations as though stated fully herein.

46. The individual defendants willfully and intentionally caused the initiation of plaintiff's prosecution through the communication of materially false statements and/or materially misleading factual claims to the KCDA.

47. There was no probable cause for the prosecution of plaintiff for any of the charged offenses.

48. The criminal prosecution was terminated in plaintiff's favor.

49. The defendants acted with malice in bringing about and sustaining the plaintiff's prosecution.

50. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they witnessed this conduct or otherwise knew and understood that such fabrications would be or had been communicated to prosecutors, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

51. By so doing, the individual defendants directly caused the plaintiff to be maliciously prosecuted, or through their failure to intervene in such misconduct by their fellow officers, aided and abetted in the violation of, plaintiff's rights under the Fourth and/or Fourteenth Amendments of the United States Constitution.

52. By reason thereof, the individual defendants have violated 42 U.S.C.

§1983 and caused plaintiff to suffer various injuries, including emotional and physical injuries, mental anguish, the deprivation of his liberty, and the loss of his constitutional rights.

## FIFTH CAUSE OF ACTION

**(New York City Administrative Code §8-802 et seq.
Against the City of New York and the Individual Defendants)**

53. Plaintiff repeats the preceding allegations as though stated fully herein.

54. Each of the individual defendants is liable under the New York City Administrative Code (§8-802) for the false arrest and imprisonment of the plaintiff, including and throughout the entirety of his criminal prosecution, as well as for causing him to be maliciously prosecuted and subjecting him to force without justification.

55. To the extent that any one of the individual defendants did not personally engage in any of the aforementioned conduct, they were aware that it was or would be happening, had ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

56. The City of New York, as the individual defendants' employer, is liable under §8-803 for the acts of its employees and agents, including these individual defendants.

57. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration, and the deprivation of his liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the plaintiff demands judgment against defendants jointly and severally as follows:

i. actual and punitive damages against the individual defendants in an amount to be determined at trial;

ii. actual damages in an amount to be determined at trial against the City of New York;

iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York City Administrative Code §8-805, and expenses and costs of the action;

iv. an order issued by this Court expressly restraining each individual defendant found liable from engaging in further conduct in violation of Administrative Code §8-802, as required under New York City Administrative Code §8-805(a)(3); and,

v. such other relief as the Court deems just and proper.

Dated: New York, New York
March 27, 2023

LUMER LAW GROUP
Attorneys for Plaintiff

Michael Lumer, Esq.
233 Broadway, Suite 900
New York, New York 10279
(212) 566-5060